UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
IN ADMIRALTY

| | | |
|---|---|---|
| **GREAT LAKES INSURANCE SE,** | : | |
| Plantation Place | : | Case No. 2:19-cv-04466-ER |
| 30 Fenchurch Street | : | |
| London EC3M 3AJ | : | |
| United Kingdom | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| **RAIDERS RETREAT** | : | |
| **REALTY CO., LLC** | : | |
| P.O. Box 549 | : | |
| Abington, PA 19001 | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

### GREAT LAKES INSURANCE SE'S MEMORANDUM OF LAW IN RESPONSE TO THIS COURT'S ORDER OF April 1, 2024

COMES NOW the Plaintiff/Counter-Defendant, Great Lakes Insurance SE, by and through its undersigned attorneys, pursuant to Federal Rule of Civil Procedure 56 and Local Rule 7.1 of the United States District Court for the Eastern District of Pennsylvania, and for its memorandum of law in response to this Court's order of April 1, 2024, respectfully states as follows:

It's time for this case to end. For the reasons detailed in the pending summary judgment motions, and supplemented herein, Plaintiff GREAT LAKES INSURANCE SE (hereinafter "GLI") is entitled to complete summary judgment with respect to the coverage afforded under the disputed policy of marine insurance.

### There Are No Disputes of Fact

There are no disputes of fact pertaining to the only basis for the denial of coverage. First, the photographic evidence establishes beyond debate that the certification tags on the Vessel's fire

1

suppression system and handheld fire extinguishers were all expired at the inception of the policy of marine insurance and at the time of the loss.  ECF no. 56, pp. 6-7.  Second, the disputed policy of marine insurance contains an unambiguous warranty which required that the Vessel's fire suppression system and handheld fire extinguishers be properly certified and tagged.  ECF no. 56, p. 5.[1]

## GLI is entitled to judgment as a matter of law.

Under both federal admiralty law and New York law, express warranties are subject to the rule of "strict or literal" compliance, even where the breach of the warranty played no role whatsoever in the loss.  *Lexington Ins. Co. v. Cooke's Seafood*, 835 F.2d 1364; 1988 A.M.C. 1238 (11th Cir.1988), *Aguirre v. Citizens Casualty Co. of New York*, 441 F.2d 141, 143; 1971 A.M.C. 1134 (5th Cir.1971), *Openwater Safety IV, LLC v. Great Lakes Insurance SE*, 435 F.Supp.3d 1142 (D.Colo.2020), *Maclean v. Travelers Ins. Co.*, 299 F.Supp.3d 231; 2017 A.M.C. 2462 (D.Mass.2017), *Great Lakes Reinsurance (UK) PLC v. Kranig*, 2013 WL 2631861 (D.V.I.2013) *Great Lakes Reinsurance (UK) PLC v. Rosin*, 757 F.Supp.2d 1244; 2011 A.M.C. 223 (S.D.Fla.2010), *New Hampshire Ins. Co. v. Dagnone*, 394 F.Supp.2d 480; 2005 A.M.C. 1339 (D.R.I.2005), *Albany Ins. Co. v. Gerald Jones*, 1997 A.M.C. 1407, 1408 (D.Alaska1996), *Continental Sea Foods, Inc. v. New Hampshire Fire Ins. Co.*, 1964 AMC 196 (S.D.N.Y.1963). Under federal admiralty law, New York law, and the express terms of the disputed policy of marine insurance, the insured's failure to strictly, literally comply with an express warranty results in the policy of marine insurance being void from inception.

---

[1] The policy of marine insurance in the present case, Policy No. CSRYP/171163 (hereinafter "the Policy") contained this express warranty, "k)  If the Scheduled Vessel is fitted with fire extinguishing equipment, then it is warranted that such equipment is properly installed and is maintained in good working order. This includes the weighing of tanks once a year, certification/tagging and recharging as necessary."  ECF no. 56-1, p. 14.

The precise warranty at issue in the present case, the fire extinguisher warranty, has been held valid and enforceable under both federal admiralty law and New York law. *Lloyd's of London v. Pagan-Sanchez*, 539 F.3d 19; 2008 A.M.C. 1990 (1st Cir.2008), *Clear Spring Property and Casualty Company v. Big Toys LLC*, --- F.Supp.3d ----; 2023 WL 4637095 (S.D.Fla.2023), *Clear Spring Property and Casualty Company v. Viking Power LLC*, 2022 WL 17987116 (S.D.Fla.2022).

Therefore, applying either federal admiralty law, New York law, or the express terms of the disputed policy of marine insurance, the breach of the fire extinguisher warranty by RAIDERS RETREAT REALTY CO., LLC (hereinafter "RAIDERS") voids the disputed policy of marine insurance from its inception and GLI is entitled to an award of complete summary judgment holding that the disputed policy of marine insurance affords no coverage for the loss suffered by RAIDERS.

### *Great Lakes v. Andersson*

Finally, there is a decision from the United States Court of Appeals for the First Circuit holding that GLI's choice of law clause does not bar extracontractual claims that arise under state law. *Great Lakes Insurance SE v. Andersson*, 66 F.4th 20 (1st Cir.2023). However, while GLI contends that decision is mistaken, it does not matter in the present case because the Third Circuit has held that any argument on this point has been waived. *Great Lakes Insurance SE v. Raiders Retreat Realty Co.*, LLC, 47 F.4th 225 (3d Cir.2022).

As explained by the Third Circuit, RAIDERS never made any argument to this Court that there was an ambiguity in the specific wording of GLI's choice of law clause. *Id*, at 230 (fn. 1). Therefore, when RAIDERS attempted to raise this issue in its appeal, the Third Circuit disposed of this argument in a mere footnote, holding, "Raiders also maintains the express language of the

3

policy's choice-of-law provision does not mandate applying New York law to preclude its claims arising under Pennsylvania law.  But as it failed to raise this argument in the District Court (or, for that matter, the more intriguing argument that the provision is ambiguous and therefore should be construed against GLI as the drafting party), Raiders has not properly preserved this argument for our review." *Id*.

WHEREFORE, GLI asks that this Court grant its pending motion for summary judgment and award all such further relief as may be appropriate in the premises.

Respectfully submitted, this 6th day of May, 2024.

**THE GOLDMAN MARITIME LAW GROUP**
Attorneys for Plaintiff
233 Harvard Street, Suite 211
Brookline, MA 02446
C (617)671-8657
F (617)566-4292
E michael@goldmanmaritime.com

By:     //s// *Michael I. Goldman*
        MICHAEL I. GOLDMAN

**CASEY & BARNETT LLC**
*Attorneys for Plaintiff*
1818 Bethlehem Pike
P.O. Box 27
Flourtown, PA  19031
Tel: (212) 286-0225
Fax: (212) 286-0261
grz@caseybarnett.com


By:     //s// *George R. Zacharkow*
        GEORGE R. ZACHARKOW

CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Court using the CM/ECF System which will provide and electronic notice to all counsel, of record.

  Respectfully submitted, this 6th day of May, 2024.

**THE GOLDMAN MARITIME LAW GROUP**

Attorneys for Plaintiff
233 Harvard Street, Suite 211
Brookline, MA 02446
C (617)671-8657
F (617)566-4292
E michael@goldmanmaritime.com

By:    //s// *Michael I. Goldman*
   MICHAEL I. GOLDMAN

**CASEY & BARNETT LLC**

*Attorneys for Plaintiff*
1818 Bethlehem Pike
P.O. Box 27
Flourtown, PA  19031
Tel: (212) 286-0225
Fax: (212) 286-0261
grz@caseybarnett.com

By:    //s// *George R. Zacharkow*
GEORGE R. ZACHARKOW